JOHN H. WOOD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105564. Promulgated April 7, 1942.

*George A. Swayze, Esq.*, for the petitioner.
*Bernard D. Daniels, Esq.*, for the respondent.

896

**OPINION.**

LEECH: The petitioner was the owner of a debt in the uncontested amount of $43,587.91. That the mortgagor had died insolvent did

not change this fact. Such condition merely affected the extent to which the debt was recoverable. Recovery was thus limited to such amount as could be realized from the mortgaged property securing the debt.

It is apparent that for some time prior to the taxable year the security had a value substantially less than the amount of the debt. Thus, during that period, a basis existed for a partial charge-off had petitioner desired to avail itself of that privilege. It was not, however, required to take such action but could first realize upon the security and then charge off the balance of its cost of the receivable as then ascertained to be wholly worthless. *Ross* v. *Commissioner*, 72 Fed. (2d) 122; *Alfred K. Knippert et al., Executors*, 32 B. T. A. 892.

This it has done. The value of the collateral was realized and applied on the debt. This was done by the owner of the legal title to the mortgaged property making a transfer thereof by quitclaim deed to petitioner. In its essence for present purposes this is not different from the case in which foreclosure was effected and the proceeds from the sale of the property paid to petitioner; or where the owner of legal title paid in cash to petitioner the fair market value of the mortgaged property for a release of the mortgage. Petitioner merely realized from the security all that was recoverable on the debt, leaving an unpaid balance which was wholly worthless. Petitioner's loss was not sustained upon a sale or exchange because it has neither sold nor exchanged property. It merely received payment in part of the indebtedness due it. *Hale* v. *Helvering*, 85 Fed. (2d) 819; *Bingham* v. *Commissioner*, 105 Fed. (2d) 971; *Commissioner* v. *Spreckels*, 120 Fed. (2d) 517; *Commissioner* v. *National Bank of Commerce of San Antonio*, 112 Fed. (2d) 946.

We hold that, under section 23 (k) of the Revenue Act of 1936, petitioner is entitled to deduction of that portion of its indebtedness unsatisfied after the transfer to it of the mortgaged property by the receiver. We have found that the receipt of this property constituted a recovery of $21,000.

*Decision will be entered under Rule 50.*